# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL SONNICHSEN,**

          Plaintiff,

    -vs-                                                  Case No. 12-C-1232

**PRINCIPAL LIFE INSURANCE COMPANY,**

          Defendant.

## DECISION AND ORDER

Michael Sonnichsen, a self-employed stock broker and financial advisor, seeks the recovery of benefits under a disability income policy issued by Principal Life Insurance Company. Since Sonnichsen is self-employed, this is not an ERISA action. *See, e.g., Patil v. Prudential Ins. Co.*, 197 F. Supp. 2d 716, 719 (E.D. Tex. 2002) ("An employer cannot form an [Employee Welfare Benefit Plan] for himself as the sole employee of the plan"); *Smith v. Equitable Life Assur. Co. of United States*, 148 F. Supp. 2d 1247, 1253 (N.D. Ala. 2001) (no ERISA plan because the insurance policy "covered people who were employed by themselves"). However, this matter was properly removed from state court on the basis of diversity jurisdiction. 28 U.S.C. § 1332(a)(1). Now before the Court are cross-motions for summary judgment.

**I.**

On June 13, 2011, Sonnichsen applied for disability income insurance coverage. Principal Life's underwriting department approved Sonnichsen for coverage. However, on

July 20, 2011, Principal Life was contacted by the insurance broker from Disability Specialists, Scott Fletcher. Fletcher reported that Sonnichsen suffered a mild stroke on July 20 prior to signing the application. Fletcher also reported that, according to Sonnichsen, he did not miss any work as a result of the stroke. Principal Life's underwriting department advised that Sonnichsen needed to call the tele-app department and provide updated health information. Principal life further advised that the previous offer of insurance was void and in light of the changed health, Sonnichsen would likely only qualify for insurance through the modified guaranteed standard issue ("GSI") program.

On July 21, 2011, Sonnichsen called the tele-app department and supplemented the previously-provided information, including the fact that he suffered a stroke in July 2011 and suffered from hypertension. Sonnichsen stated that he was actively at work on a full-time basis without medical restriction.

On July 22, 2011, Principal Life's underwriting department informed the broker that Principal Life could only offer GSI coverage to Sonnichsen given his changed medical history. The broker reported that Sonnichsen was aware of that fact and would be happy with the GSI offer, knowing that he "screwed up by not binding the coverage" given that he made no premium payment with the application.

On July 27, 2011, Principal Life re-issued the policy at smoker premium rates under Woodbury Financial Services, Inc.'s GSI program with a monthly disability benefit of $4,000.00 and a policy date of August 8, 2011. Principal Life forwarded the policy to

Disability Specialists for delivery to Sonnichsen, collection of the premium in the amount of $2,949.90 and his signature on part D, verifying receipt and no change in health status.

On June 25, 2012, Sonnichsen submitted a disability claim notice to Principal Life, identifying that he had a stroke on July 10, 2011 and claiming partial disability and catastrophic disability as of August 15, 2011.

On July 6, 2012, Principal Life received information from Massachusetts Mutual Life Insurance Company relative to a claim made by Sonnichsen under a separate policy on February 15, 2012. Mass Mutual reported that Sonnichsen claimed a disability date of July 11, 2011 due to the stroke and that his claim had been approved. On August 8, Principal Life received Sonnichsen's claim form from Mass Mutual, identifying that he was totally disabled from July 11, 2011 to August 8, 2011 as a result of his July 10, 2011 stroke and partially disabled from August 8, 2011 to the time of claim submission.

When asked about these discrepancies in date of disability, Sonnichsen admitted as follows:

> I considered myself totally disabled from 7-11-12 to 8-8-12 because I was not working at all. From 8-9-12 to 8-15-12 I was in the process of determining how much I could work. By 8-15-12 I determined that I could work part time and therefore was partially disabled from that point on. I did indicate on the claim form that my sickness began 8-9-12. I am not claiming total disability benefits from Principal Financial, only partial disability benefits.[1]

In response, Principal Life denied Sonnichsen's claim, explaining as follows: "According to disability claim form that you completed for Mass Mutual you listed that you were totally

---

[1] Sonnichsen mistakenly refers to 2012 dates, but they are all 2011 dates.

-3-

unable to work from July 11, 2011 through August 8, 2011 and that you were partially unable to work from August 8, 2011 to current. Even though you are not claiming Disability with Principal until August 15, 2011 your Disability began based on your statements to Mass Mutual July 11, 2011, which is prior [to] the August 8, 2011 Policy Date on your policy."

## II.

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The plain language of the rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must accept as true the evidence of the nonmovant and draw all justifiable inferences in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Summary judgment is appropriate only if, on the record as a whole, a rational trier of fact could not find for the non-moving party. *Rogers v. City of Chi.*, 320 F.3d 748, 752 (7th Cir. 2003). When confronted by cross-motions for summary judgment, "inferences are drawn in favor of the party against whom the motion under consideration was made." *McKinney v. Cadleway Prop., Inc.*, 548 F.3d 496, 500 (7th Cir. 2008). The Court considers each party's motion individually to determine if that party has satisfied the summary judgment standard. *In re FedEx Ground Package Sys., Inc.*, 734 F. Supp. 2d 557, 583-84 (N.D. Ind. 2010).

The policy issued by Principal Life, like most (if not all) disability insurance policies, only applies to disabilities that begin on or after the Policy Date. Policy at 8 ("DISABILITY BENEFIT: We will pay for Your Continuous Disability that begins *on or after the Policy Date* and while this policy is in force and subject to the policy provisions. . . .") (emphasis added). Here, the Policy Date is August 8, 2011, but Sonnichsen claimed that his disability began on July 11, 2011. *See, e.g., McKay v. Reliance Standard Life Ins. Co.*, 428 Fed. App'x 537, 545 (6th Cir. 2011) (denial of benefits because disability predated the policy). Sonnichsen argues that Principal Life must provide coverage pursuant to the policy's "incontestability clause," part of which provides that a sickness or injury that is "fully disclosed on the application(s) will be covered, unless excluded by name or description." Policy at 18. Sonnichsen conflates the distinction between a sickness, an injury, and a disability. The policy does not provide coverage for sickness or injury; it provides coverage for disability *caused by* sickness or injury. Policy at 7 (Total Disability means the inability to work "solely due to Injury or Sickness"). The sentence preceding the selective quotation offered by Sonnichsen in the incontestability clause illustrates the distinction: "No claim for *Disability* or loss covered by this policy or any attached riders starting after two years from the date of coverage has been in effect will be reduced or denied because a *Sickness or Injury* existed before the effective date of coverage(s) unless the condition is excluded by name or description." Policy at 18 (emphasis added). Accordingly, the clause does not apply to disabilities that begin prior to the issue date of the policy. *See, e.g., Equitable Life Assur. Soc. of United States v. Bell*, 27 F.3d 1274, 1277 (7th Cir. 1994) ("This appeal turns on the

-5-

appropriate construction of the insurance policy's incontestability provisions and their effect on the scope of the policy, which otherwise does not cover disabilities *resulting from pre-manifesting illnesses*") (emphasis added).

Ultimately, Sonnichsen's position is akin to the assertion that a life insurance policy would be issued for someone who is already dead. Sonnichsen is not entitled to coverage for a disability that began prior to the date his policy was issued. For purposes of Sonnichsen's bad faith claim, it necessarily follows that Principal Life had a reasonable basis for denying benefits. *Anderson v. Cont'l Ins. Co.*, 271 N.W. 2d 368, 376 (Wis. 1978).

### III.

**IT IS ORDERED THAT** Principal Life's motion for summary judgment [ECF No. 15] is **GRANTED**; Sonnichsen's motion for partial summary judgment [ECF No. 4] is **DENIED**; and this matter **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 7th day of March, 2013.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**